UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA | Hon. Daniel D. Crabtree |
| Plaintiff, | Crim. Case No. 2:24-cr-20070-DDC-TJJ |
| v. | |
| NEWTON JONES,<br>WILLIAM CREEDEN,<br>KATERYNA (KATE) JONES,<br>WARREN FAIRLEY,<br>LAWRENCE McMANAMON, and<br>CULLEN JONES | |
| Defendants. | |

**GOVERNMENT'S MOTION PURSUANT TO FED. R. EVID. 104
FOR PRETRIAL RULING ON ADMISSIBILITY OF BUSINESS RECORDS**

The United States, by and through its undersigned attorney, Ryan A. Kriegshauser, United States Attorney, hereby respectfully moves this Court pursuant to Fed. R. Evid. 104 for an Order resolving preliminary questions of admissibility of records described in the attachments below so that they may be introduced at trial without further foundational testimony, and shows as follows:

At trial, the Government will offer into evidence certain business records of several organizations pursuant to Fed. R. Evid. 803(6), by means of certifications of authenticity obtained under Fed. R. Evid. 902(11).   Attached as Exhibits 1 through 25.

**A. Certifications of Business Records**

1. International Brotherhood of Boilermakers

2. The Bank of Labor

3. ADP, Inc.

4. Amazon, Inc.

5. American Express

6. Apple, Inc.

7. Bank of America, N.A.

8. Citibank, N.A.

9. Coeur D'Alene Resort

10. Desert Palace, Inc.- Ceasars Palace

11. Embassy Suites Hotel and Kingston Place

12. Four Seasons Washington D.C.

13. Hay-Adams Hotel

14. Hertz Corporation

15. Hilton Marco Island

16. JP Morgan Chase Bank, N.A.

17. Legacy Professionals LLP

18. MGM Resorts International- MGM Grand Hotel, LLC

19. MGM Resorts International- The Mirage Casino-Hotel, LLC

20. Marriott International, Inc. - The Ritz Carlton Naples Beach

21. Marriott International, Inc. - Mayflower Hotel

22. Omni Grove Park

23. Sheraton Maui Hotel

24. Trans Union

25. Wells Fargo Bank, N.A.

B.     **Applicable Principles**

Under Federal Rule of Evidence (FRE) Rule 901, a document is authenticated if a proponent submits "evidence sufficient to support a finding that the matter in question is what its proponent claims." FRE 901(a). "The standard for authentication . . . is one of reasonable likelihood." United States v. Holmquest, 36 F.3d 154, 168 (1st Cir. 1994), cert. denied, 514 U.S. 1084 (1995). Thus, a proponent satisfies FRE 901(a), if he or she introduces sufficient proof of authenticity "so that a reasonable juror could find in favor of authenticity or identification." United States v. Ruggiero, 928 F.2d 1289, 1303 (2d Cir. 1991).

To be admitted into evidence, the records that are the subject of this motion must be relevant, demonstrate sufficient guarantees of authenticity, and overcome any hearsay concerns. In making these determinations, the Court's inquiry is controlled by FRE 803(6), 902(11) and 901. FRE 803(6) provides:

> A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record or data compilation, all as shown by the testimony of the custodian or other qualified witness, or by certification that complies with Rule 902(11), Rule 902(12), or a statute permitting certification, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness.

See FRE 803(6)(emphasis added).

FRE 902(11) allows authentication of business records in this manner if the certificate notes that the records: (a) were made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters; (b) were kept in the course of the regularly conducted activity; and (c) were made by the regularly conducted

activity as a regular practice and written notice was provided to opposing party of its intention to seek admission under this rule. See Fed. R. Evid. 902(11).

According to FRE 803(6), business records may be authenticated and the hearsay exception satisfied if they are accompanied "by [a] certification that complies with [FRE] 902(11) or [FRE] 902(12) or a statute permitting certification, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness." United States v. Klinzing, 315 F.3d 803, 809 (7th Cir. 2003). Under FRE 902(11), a party may authenticate a business record through a written declaration by a custodian or other qualified person that the record meets the necessary foundational requirements. Id. Accord United States v. Yeley-Davis, 632 F.3d 673, 680 (10th Cir. 2011).

FRE 803(6) permits parties to rely upon such certifications in an effort to avoid the expense and inconvenience of producing foundation witness testimony in situations where the authenticity of the business records could be confirmed by written declaration pursuant to FRE 902(11). United States v. Klinzing, 315 F.3d at 809 (observing advisory committee's note stating, in part, that FRE 902(11) provides adequate assurance of authenticity for business records without foundational testimony). Accord United States v. Lewis, 594 F.3d 1270, 1278 (10th Cir. 2010).[1]

C. **Argument**

The Government raises the authenticity of the above records pursuant to FRE 104(a) for pre-trial resolution in order to avoid unnecessary delay in litigating these matters during a trial.

---

[1] In Crawford v. Washington, 541 U.S. 36, 56 (2004), the Supreme Court specifically indicated that the hearsay exception related to the foundational requirements for business records is not "testimonial" in nature and therefore does not offend the Confrontation Clause of the United States Constitution. Accord United States v. Medrano, 356 F. App'x 102, 109 (10th Cir. 2009).

The Government sought and received the above certifications which meet the requirements set forth in FRE 902(11). In each case, the certification provides the required foundation concerning knowledge of the types of documents created, accepted, maintained, and relied upon by the respective organization in conducting its activities. See United States v. Adefehinti, 510 F.3d at 326 (party may certify records under FRE 803(6) even if it did not create records but rather took custody of them in regular course of business); Thanongsinh v. Board of Educ., 462 F.3d 762, 778 (7th Cir. 2006) (citing Woods v. City of Chicago, 234 F.3d 979, 988 (7th Cir. 2000) (party seeking admission of business record need only establish sufficient indicia of trustworthiness). See generally Weinstein's Federal Evidence § 803.08[8][b] (2004) (certification under FRE 902(11) may be made by any person qualified to be foundational witness).

The Government now seeks a ruling from the Court finding that the Government has satisfied the foundational prerequisites for admissibility of these records under FRE 803(6). This ruling is sought pretrial both to economize the jury's time and so that the Court may release the twenty-four (24) individuals providing certifications or other potential record custodians from providing foundational testimony in this case.

FRE 902(11) further provides that, "A party intending to offer a record into evidence under this paragraph must provide written notice of that intention to all adverse parties, and must make the record and declaration available for inspection sufficiently in advance of their offer into evidence to provide an adverse party with a fair opportunity to challenge them." The Government has satisfied this requirement as copies of the records have been available to Defendants in discovery. By this motion, moreover, the Government provides Defendants with notice of its intention to employ FRE 902(11) to admit the records.

## **CONCLUSION**

For the foregoing reasons, the United States respectfully requests that this Court resolve pretrial the preliminary questions of authenticity of the records described above so that these exhibits may be introduced at trial without further foundational testimony.

Respectfully submitted,

RYAN KRIEGSHAUSER
UNITED STATES ATTORNEY

By: /s/Faiza H. Alhambra
FAIZA H. ALHAMBRA
Assistant United States Attorney
500 State Avenue, Suite 360
Kansas City, Kansas 66101
913-551-6904
913-551-6541 (fax)
Faiza.Alhambra@usdoj.gov
Kan. S. Ct. No. 24525

By: /s/ Jabari B. Wamble
JABARI WAMBLE
Assistant United States Attorney
500 State Avenue, Suite 360
Kansas City, Kansas 66101
913-551-6730
913-551-6541 (fax)
Jabari.wamble@usddoj.gov
Kan. S. Ct. No. 22730

By: /s/ Vincent Falvo
VINCENT FALVO
Trial Attorney
Violent Crime and Racketeering Section
United States Department of Justice
1301 New York Avenue, NW, Room 753
Washington, D.C. 20530
(202) 353-9384
vincent.falvo@usdoj.gov

Dated December 1, 2025

**CERTIFICATE OF SERVICE & FILING**

I hereby certify that on December 1, 2025, I electronically filed the foregoing motion to authenticate business records with the Clerk of the Court using the ECF system which will send notification to all relevant parties.

> By: *Faiza H. Alhambra*
> FAIZA ALHAMBRA
> Assistant United States Attorney