UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff*,

v.

    Case No. 2:24-cr-20070-DDC

NEWTON JONES (01),
WILLIAM CREEDEN (02),
KATERYNA JONES (03),
LAWRENCE MCMANAMON (05),

    *Defendants*.

**Defendant William Creeden's Trial Brief Regarding
Federal Rule of Evidence 803(6)**

**Table of Contents**

Statement ...................................................................................................................... 3

I.      Rule 803(6) timing requirement: The record must be made "at or near the time" of
        the recorded event.................................................................................................. 3

II.     The Rule 803(6) timing requirement applies to every level of hearsay. ................... 3

III.    Enforcing these rules are critical here. ................................................................... 4

Certificate of Service.................................................................................................... 6

Defendant William Creeden files this trial brief regarding Federal Rule of Evidence 803(6).

**Statement**

I.      **Rule 803(6) timing requirement: The record must be made "at or near the time" of the recorded event.**

Evidence meets Rule 803(6)(A) only if it was "made at or near the time" of the act it describes. Fed. R. Evid. 806(6). A *contemporaneous* record of a *contemporaneous* event qualifies. A document that looks back and narrates earlier events does not. Lack of contemporaneity is dispositive. *See, e.g.*, *Ira Green, Inc. v. Military Sales & Serv. Co.*, 775 F.3d 12, 20 (1st Cir. 2014) ("This lack of contemporaneity puts the exhibit outside the compass of the business records exception").

II.     **The Rule 803(6) timing requirement applies to every level of hearsay.**

When hearsay is layer, each layer must clear a hearsay barrier of its own. Fed. R. Evid. 805. An email is one out-of-court statement. What the email recounts — a meeting last year, a conversation last month, an instruction received earlier — is another. The proponent must satisfy a hearsay basis for each layer, or none of it comes in. *See, e.g.*, 30B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 7041 (2026 ed.) ("the proponent of the evidence would need to identify a qualifying hearsay exception for each of the out-of-court statements communicated to the factfinder to avoid exclusion."); *United States v. Cestnik*, 36 F.3d 904, 907 (10th Cir. 1994) (each Rule 803(6) element must be satisfied before admission).

3

The business-records exception does not erase that requirement. Wright & Miller explains that Rule 803(6) may cover an internal chain only when the "initial observer within the business" had knowledge and the separate out-of-court statements would themselves satisfy the business-records exception. 30B Wright & Miller, Federal Practice and Procedure § 7043 (2026 ed.). That is the point here. A later email may be a business record of the later email. It is not, without more, a business record of the earlier meeting, instruction, or event it narrates.

Rule 803(6)(A) runs the same way at every level that the government asks Rule 803(6) to carry. The later-created document must be made at or near the time of what it records. And any embedded assertion must either satisfy Rule 803(6) on its own terms or rest on some other hearsay exemption or exception. Wright & Miller's formulation is precise: "If any statement is barred by Rule 802, however, the combined statement is inadmissible." 30B Wright & Miller, Federal Practice and Procedure § 7042 (2026 ed.).

## III.    Enforcing these rules are critical here.

Exhibit 134 illustrates the problem. On August 9, 2016, Tyler Brown emailed President Jones recounting events from "approximately 1 1/2 years ago" — the IEC's vacation motion and Jones's direction to hold implementation. The email was offered for the truth of those past events. But it fails Rule 803(6)(A) on its face. The August 9 email may be a record of Brown's August 9 inquiry. But because of the timing rule, it cannot be a record of what the IEC decided, or what Jones said, *in early 2015*. The eighteen-month gap is dispositive.

This is not isolated. The same form recurs across the government's exhibits: an employee writes long after the fact, recounts earlier conduct, and the document is offered as a "business record." Rule 803(6) does not work that way. Each layer must be screened.

Wright & Miller's framework fits Exhibit 134 exactly. And it fits much of what the government intends to offer in this trial. Unless *every* layer independently satisfies Rule 803(6)(A) or another hearsay rule, it is inadmissible for the truth of the earlier event.

## Conclusion

The Court should apply Federal Rule of Evidence 803(6) in accordance with these authorities. Before any record-style exhibit narrating earlier events is admitted for the truth of those events, the government identify on the record (1) the layer offered, (2) the hearsay basis for that layer, and (3) when the record was made relative to the event recounted. Anything less collapses Rule 805 and Rule 803(6)(A).

Respectfully submitted,

Kurt P. Kerns # 15028
KERNS LAW GROUP
328 N. Main Street Wichita, KS 67202
Tel: 316-265-5511
kurtpkerns@aol.com

Federico Andino Reynal, *pro hac vice*
THE REYNAL LAW FIRM, PC
917 Franklin Street, Sixth Floor
Houston, TX 77002
Tel: 713-228-5900
areynal@frlaw.us

/s/ Chad Flores
Chad Flores
Flores Law PLLC
917 Franklin Street, Suite 600
Houston, TX 77002
Tel: (713) 364-6640
chad@chadflores.law

Attorneys for William Creeden

## Certificate of Service

A true and correct copy of the foregoing document was served via the Court's

CM/ECF system to all registered counsel of record on the day of its filing.

/s/ Kurt Kerns
Kurt Kerns

6