UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff*,

v.

NEWTON JONES (01),
WILLIAM CREEDEN (02),
KATERYNA JONES (03),
LAWRENCE MCMANAMON (05),

    *Defendants*.

Case No. 2:24-cr-20070-DDC

**Defendant William Creeden's Trial Brief Regarding
Federal Rule of Evidence 107(a)**

## Table of Contents

Argument ........................................................................................................................ 3

I.      The Court has already excluded Exhibit 416. ......................................................... 3

II.     Rule 107(a) is not a hearsay exception. .................................................................. 4

III.    Exhibit 416 fails Rule 107(a)'s balancing test. ....................................................... 5

IV.     Newman cannot sponsor the chart as a Rule 107(a) aid. ........................................ 6

Certificate of Service .......................................................................................................... 7

Defendant William Creeden files this trial brief regarding Federal Rule of Evidence 107(a) and Exhibit 416.

## Argument

Exhibit 416 should not be admitted, displayed, or used as a Rule 107(a) illustrative aid. The Court has already sustained the defense hearsay objection to Exhibit 416. The government now seeks the same exhibit under a new label. Rule 107(a) does not permit that move. An illustrative aid is not evidence. It cannot prove a disputed fact. It cannot carry inadmissible hearsay to the jury. And it cannot rescue a chart the Court has already excluded.

The problem is not cosmetic. Exhibit 416 is a 14-year government-created travel chart. It combines records, interviews, investigator selections, disputed purposes, disputed travelers, and an unsupported $5.385 million calculation. It is not an aid to comprehension. It is the government's theory of the case in spreadsheet form.

The Court should exclude Exhibit 416 in all forms and prohibit its display to the jury.

## I.     The Court has already excluded Exhibit 416.

The Court sustained the defense hearsay objection to Exhibit 416 on May 18. That ruling followed Investigator Newman's voir dire testimony that the chart was built and pruned using witness interview statements. Travelers were added or removed based on what interviewees said about who traveled.

That is hearsay. Fed. R. Evid. 801(c), 802. And it is not incidental hearsay. The interview content determines the chart's substance. It identifies who supposedly traveled,

who supposedly did not, and what the government wants the jury to infer from those entries.

The exhibit is unchanged. Same chart. Same sources. Same interview-derived entries. Same federal-investigator imprimatur. Rule 107(a) does not change the substance of what the Court already excluded.

## II.    Rule 107(a) is not a hearsay exception.

Rule 107(a) permits an illustrative aid only to help the jury "understand the evidence or argument." It does not admit evidence. It does not create an exception to the hearsay rule. And it does not allow a party to place otherwise inadmissible factual assertions before the jury by calling them "illustrative."

The Advisory Committee Note draws the controlling distinction. Substantive evidence offered to prove disputed facts must satisfy "Rule 403, the hearsay rule, and other evidentiary screens." Fed. R. Evid. 107 advisory committee's note (2024). Rule 107 covers only information offered for the narrow purpose of helping the jury understand evidence or argument. It also warns that an aid may be excluded when it appears to be substantive evidence of a disputed event.

Exhibit 416 crosses that line. It does not illustrate testimony. It asserts facts: dates, locations, travelers, purposes, counts, sources, and a total-dollar conclusion. Those assertions are disputed. Many derive from interviews. The chart therefore does exactly what Rule 107 forbids: it presents disputed factual content outside the ordinary evidentiary rules.

4

Rule 107(d) confirms the point. A chart or calculation admitted to prove the content of voluminous admissible evidence is governed by Rule 1006. Fed. R. Evid. 107(d). The government tried that route and failed. It cannot use Rule 107(a) to obtain the same practical result without satisfying Rule 1006 or the hearsay rules.

## III.    Exhibit 416 fails Rule 107(a)'s balancing test.

Even if Rule 107(a) could reach this chart, the balance defeats its use.

First, the chart has little legitimate comprehension value. The underlying records the government identifies—LM-2s, general-ledger materials, American Express records, assignment letters, itineraries, emails, and other documents—are either in evidence or can be offered through ordinary witnesses. The jury does not need a 14-page, 113-trip, 359-traveler government synthesis to understand them.

Second, the chart is highly prejudicial. It compresses 14 years of international travel into one government-authored exhibit. It mixes charged and uncharged trips. It mixes disputed and undisputed travel. It mixes business purposes, "no purpose provided," and interview-derived information. It presents the resulting aggregation under the name of the case agent.

Third, the final line is argument, not illustration: "TOTAL TRAVELERS: 359 $15,000 X 359 Travelers = $5,385,000." The $15,000 multiplier has no established foundation. It treats every traveler and trip the same. It applies equally to short and long trips, charged and uncharged trips, legitimate and disputed travel. The result is a $5.4 million prejudice anchor. Once shown, it cannot be unseen.

Fourth, the chart misleads by source-vouching. The header lists "Interviews" among the sources. That is the very hearsay source the Court excluded. The jury will not see source-by-source support for each line. It will see a federal investigator's polished chart and treat it as established fact.

That is not comprehension assistance. It is evidentiary laundering.

## IV.    Newman cannot sponsor the chart as a Rule 107(a) aid.

Rule 107(a) does not eliminate Rule 602. Newman lacks personal knowledge of the trips. He did not travel. He did not approve travel. He did not personally observe who attended, why they attended, or whether union business supported any trip.

His role was compilation. But this chart does not merely compile admissible records. It embeds interview statements, investigator selections, disputed purposes, and an unsupported damages-style calculation. Newman therefore cannot supply a competent foundation for the chart's factual assertions by calling them illustrative.

Nor can a limiting instruction cure the problem. A jury cannot meaningfully treat a 14-page government travel chart as "not evidence" while simultaneously using it to understand the government's central factual theory. The risk is especially acute because the chart looks like an official investigative finding, not a neutral visual aid.

## V.    Conclusion

Exhibit 416 remains inadmissible. Rule 107(a) does not override the hearsay rules, revive a failed Rule 1006 exhibit, or permit the government to display a disputed factual synthesis under the label "illustrative aid." The Court should exclude it completely.

**Conclusion**

The Court should apply Federal Rule of Evidence 107(a) in accordance with these principles and exclude Exhibit 416 in any form and prohibit its display to the jury.

Respectfully submitted,

Kurt P. Kerns # 15028
KERNS LAW GROUP
328 N. Main Street Wichita, KS 67202
Tel: 316-265-5511
kurtpkerns@aol.com

Federico Andino Reynal, *pro hac vice*
THE REYNAL LAW FIRM, PC
917 Franklin Street, Sixth Floor
Houston, TX 77002
Tel: 713-228-5900
areynal@frlaw.us

/s/ Chad Flores
Chad Flores
Flores Law PLLC
917 Franklin Street, Suite 600
Houston, TX 77002
Tel: (713) 364-6640
chad@chadflores.law

Attorneys for William Creeden

**Certificate of Service**

A true and correct copy of the foregoing document was served via the Court's CM/ECF system to all registered counsel of record on the day of its filing.

/s/ Kurt Kerns
Kurt Kerns

7