UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff*,

v.

                                     Case No. 2:24-cr-20070-DDC

NEWTON JONES (01),
WILLIAM CREEDEN (02),
KATERYNA JONES (03),
LAWRENCE MCMANAMON (05),

    *Defendants*.

**Defendant William Creeden's Rule 29(a) Brief on Count 33**

## Table of Contents

Argument: Count 33 Fails ........................................................................................... 3

I.      This trip occurred *after* Mr. Creeden retired. ........................................................ 3

Conclusion ............................................................................................................... 4

Defendant William Creeden has moved generally pursuant to Rule 29(a) for a judgment of acquittal as to all counts on all grounds. Doc. 406.  Mr. Creeden maintains that motion in full without reservation, seeking a judgment of acquittal as to all counts on all grounds. In addition to and without waiving, forfeiting, or otherwise compromising any aspect of that general motion, Mr. Creeden submits that a judgment of acquittal is warranted for the additional reasons given by this brief regarding Count 33.

**Argument: Count 33 Fails**

Mr. Creeden was retired by the time of the October 2023 trip. That beats this count.

## I.    This trip occurred *after* Mr. Creeden retired.

Section 501(c) required qualifying union status *when the charged conduct occurred*. The statute applies only to a person who embezzles, steals, abstracts, or converts assets of a labor organization "of which he *is* an officer, or by which he *is* employed, directly or indirectly, while he *is* such an officer or employee." 29 U.S.C. § 501(c) (emphasis added). Former status does not satisfy the statute.  Only current status does.  But it is lacking here.

Count 33 charged an October 2023 trip to Germany. Doc. 1 at 31. But Mr. Creeden's qualifying status ended *before* the charged trip. The indictment realizes that he resigned from the Boilermakers Union in August 2023—before the October 2023 trip. Doc. 1 ¶ 7. Trial testimony proves that too. Trial Day 8 Rough Tr. 41:20–23. No proof restored the missing status. No witness placed Mr. Creeden back in office, back on payroll, or back in any qualifying Boilermakers role in October 2023.

3

The missing status element ends Count 33. Mr. Creeden was not a Boilermakers officer or employee when the charged trip occurred.[1]

**Conclusion**

The motion should be granted.

Respectfully submitted,

Federico Andino Reynal, *pro hac vice*
THE REYNAL LAW FIRM, PC
917 Franklin Street, Sixth Floor
Houston, TX 77002
Tel: 713-228-5900
areynal@frlaw.us

Kurt P. Kerns # 15028
KERNS LAW GROUP
328 N. Main Street Wichita, KS 67202
Tel: 316-265-5511
kurtpkerns@aol.com

/s/ Chad Flores
Chad Flores
Flores Law PLLC
917 Franklin Street, Suite 600
Houston, TX 77002
Tel: (713) 364-6640
chad@chadflores.law

Attorneys for William Creeden

---

[1] Aiding and abetting does not cure the defect. *Rosemond v. United States*, 572 U.S. 65 (2014), requires an affirmative act in furtherance of the charged offense and intent to facilitate that offense. *Id.* at 71. Neither exists here.  The Count 33 proof instead concerned a trip composite, a schedule, and an email between other people. Trial Day 10 Rough Tr. 40:23–41:4. Former office and earlier travel practices do not prove act or intent as to a later, post-retirement trip.

## Certificate of Service

A true and correct copy of the foregoing document was served via the Court's

CM/ECF system to all registered counsel of record on the day of its filing.

 /s/ Kurt Kerns
Kurt Kerns