UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff*,

v.

    Case No. 2:24-cr-20070-DDC

NEWTON JONES (01),
WILLIAM CREEDEN (02),
KATERYNA JONES (03),
LAWRENCE MCMANAMON (05),

    *Defendants*.

**Defendant William Creeden's Preliminary Trial Brief
Regarding Proposed Jury Instructions**

Defendant William Creeden submits this brief as a preliminary submission, reserving the the right to revise, supplement, or narrow these positions instructions as the evidence and party positions continue to evolve.

## Table of Contents

I.    Count 1: The government has to elect.................................................................3

    A.    The Document 419 brief changes the theory of Count 1. .............................3

    B.    The new position departs from the theory that survived dismissal. .............4

    C.    The government must elect before the charge is settled. .............................4

    D.    The charge must stay tethered to the Jones Enterprise................................5

    E.    Either route triggers Mr. Creeden's objections............................................5

    F.    A broader submission creates charging problems.........................................5

II.    Instruction 25 .....................................................................................................7

    A.    Proposed instruction: "Rim" rule.................................................................7

III.    Instruction 26 ....................................................................................................8

    A.    Proposed instruction: *Liberty Group* distinctness rule [Doc. 413].................8

IV.    Instruction 34 ....................................................................................................9

    A.    Objection: One-Sided Event Descriptors .....................................................9

V.    Instructions 40 & 41 .........................................................................................11

    A.    Proposed instruction—Materiality .............................................................11

Conclusion ...............................................................................................................12

## I.    Count 1: The government has to elect.

### A.    The Document 419 brief changes the theory of Count 1.

The government's Document 419 filing at pages 7-8 creates a severe problem about the fundamental nature of Count 1:

> **Instruction No. 25- RICO**
>
> Instruction No. 25 at page 30 contains the sentence, "In this case, the unlawful object of the agreement in the formation of an enterprise whose activities would affect interstate commerce through a pattern of racketeering activity." The object of the conspiracy is not to form an
>
> 7

> enterprise, however. The object of the conspiracy in Count One is "to conduct and participate in the conduct of the enterprise through a pattern of racketeering activity." The enterprise is merely the vehicle through which the conspiracy is conducted.

That passage raises a threshold issue the government must answer before the Court rules on the pending Rule 29 motions and before the Court's Rule 30 conference occurs:

> ***Does Count 1 require proof that a RICO "enterprise" actually existed?***

The only theory that beat dismissal said no—there need be no existent "enterprise". But now the government reverts to yes, an "enterprise" exists *but they can just assume its existence without proving it as an element*? The case cannot continue until this election occurs with full clarity.

3

**B.      The new position departs from the theory that survived dismissal.**

The government's new position departs from the theory on which Count 1 survived dismissal. The Court denied the motion to dismiss under the *inchoate* framework supplied by *United States v. Harris*, 695 F.3d 1125 (10th Cir. 2012). Under that framework, the government need not prove that the enterprise actually existed; it may proceed on an agreement under which an enterprise *would have come into being* if the conspiracy had succeeded. *See* Doc. 225 at 6.

The government now disavows that framework. At the eleventh hour it now says "[t]he object of the conspiracy is not to form an enterprise," Doc. 419 at 7–8, suggesting that Count I can yield a conviction if the actual existence of a RICO "enterprise" is assumed but not found as an element.

**C.      The government must elect before the charge is settled.**

The government must clearly elect the theory of its flagship charge *before the charge is built*. A jury charge cannot be drafted around an enterprise theory the government has not identified. Nor can the government argue one enterprise theory to survive dismissal, another to defeat Rule 29, and a third to reach the jury.

The government cannot keep the benefits of both theories while avoiding the burdens of either. Does Count 1 require proof that the charged Jones Enterprise actually existed? Or may the jury convict if it finds only that the charged agreement, if completed, would have produced a qualifying enterprise? Or is the theory some Document 418 hybrid? Any election should bind the government's jury-charge theory and sufficiency review.

**D.      The charge must stay tethered to the Jones Enterprise.**

That tether is essential. On an existing-enterprise theory, the jury must find that the charged Jones Enterprise existed and satisfied RICO. On an inchoate theory, the jury must find that the charged agreement, if completed, would have produced the charged Jones Enterprise and that the resulting enterprise would have satisfied RICO. On the theory Document 419 seems to suggest, no one knows what the jury has to find. No route permits conviction based on an abstract enterprise, an undefined vehicle, or a hypothetical association different from the one charged.

**E.      Either route triggers Mr. Creeden's objections.**

Every potential rout triggers Mr. Creeden's *Liberty Group* objection and Rule 29 position. The government must prove a legally valid enterprise *distinct from the IBB itself*, whether the enterprise actually existed or would have existed or otherwise. Officers and employees do not form a separate association-in-fact merely by acting in the ordinary course of the organization's affairs. *Bd. of Cnty. Comm'rs of San Juan Cnty. v. Liberty Grp.*, 965 F.2d 879, 886 (10th Cir. 1992). Rule 29 remains warranted under either theory.

**F.      A broader submission creates charging problems.**

A broader submission would create serious charging problems. If the instructions permit conviction on an enterprise theory different from the grand jury's, the charge risks constructive amendment. *See United States v. Farr*, 536 F.3d 1174, 1180 (10th Cir. 2008); *United States v. Davis*, 55 F.3d 517, 521 (10th Cir. 1995). A variance problem also may arise if the proof and instructions materially depart from the charged enterprise theory.

The enterprise theory is not manner and means. It is the legal architecture of Count 1. If the government wants to change that architecture now, the problem is not drafting preference; it is notice, unanimity, and the Fifth Amendment grand-jury guarantee.

## II.    Instruction 25

Mr. Creeden objects to Instruction 25's omission of the "rim" requirement upheld by *Tronsgard v. FBL Fin. Grp., Inc.*, 312 F. Supp. 3d 982 (D. Kan. 2018), and the *Kotteakos v. United States*, 328 U.S. 750 (1946), line of authority. *See* Doc. 413 at 10-12. The proposed instruction permits conviction where Creeden had mere bilateral interdependence with Newton Jones alone, without any finding that he agreed with the other charged defendants to a single, unified enterprise. But a common hub does not entail an actionable conspiracy unless the spokes are joined by a common rim. If this "rim" requirement does not warrant a Rule 29 judgment of acquittal, *see* Doc. 413 at 10-12, it at least invalidates any contrary instruction. As currently drafted, Instruction 29 permits the jury to convict on a legal theory that the "rim" rule invalidates.

### A.    Proposed instruction: "Rim" rule

Mr. Creeden requests that the following instruction be supplied in conjunction with what is currently slated as Instruction 29:

> Where the Indictment charges a multi-defendant RICO conspiracy joining several alleged participants in a single enterprise, an agreement between Mr. Creeden and one other charged defendant — by itself — is not sufficient to convict. The government must prove beyond a reasonable doubt that Mr. Creeden agreed to the broader, unified enterprise charged, joining the alleged subsidiary agreements together by a common purpose.

*See* Doc. 413 at 10-12; *Tronsgard v. FBL Fin. Grp., Inc.*, 312 F. Supp. 3d 982 (D. Kan. 2018); *Kotteakos v. United States*, 328 U.S. 750 (1946). That same instruction should be given anywhere else in the charge that a conspiracy must be found, including Instruction 30.

7

### III.    Instruction 26

Mr. Creeden objects to Instruction 26's enterprise definition and the accompanying recital that "certain officers, employees, members, and associates of the Boilermakers Union . . . constituted an enterprise . . . namely a group of individuals associated in fact (hereinafter referred to as the 'Jones Enterprise')." The instruction tells the jury that an association-in-fact enterprise requires "a purpose; relationships among those associated with the enterprise; and longevity sufficient to permit these associates to pursue the enterprise's purpose," *but it does not tell the jury the controlling distinctness qualifier*: Officers and employees acting in the ordinary course do not form an association-in-fact separate from the organization itself. *See* Doc. 413 at 4-10; *Bd. of Cnty. Comm'rs of San Juan Cnty. v. Liberty Grp.*, 965 F.2d 879, 886 (10th Cir. 1992).

#### A.    Proposed instruction: *Liberty Group* distinctness rule [Doc. 413]

Mr. Creeden requests that the following instruction be supplied in conjunction with what is currently slated as Instruction 26:

> An association-in-fact enterprise must be a group that exists and operates separately from any organization through which the defendants act. The officers and employees of an organization, acting in the ordinary course of their duties, cannot constitute an association-in-fact enterprise separate from the organization itself. Proof that defendants acted through IBB offices, IBB constitutional authority, IBB approval channels, IBB financial systems, or in pursuit of IBB business objectives is not by itself sufficient to establish a separate association-in-fact enterprise.

*See* Doc. 413 at 4-10; *Liberty Grp.*, 965 F.2d at 886. That same instruction should be given anywhere else in the charge that a conspiracy must be found.

8

## IV.    Instruction 34

### A.    Objection: One-Sided Event Descriptors

Mr. Creeden objects to the following entries in Instruction 34's chart and the labels in the Verdict Form: (i) the "Nature of Expenditure" descriptors for Counts 35, 36, 37, 38, 41, 42, 43, 44, 45, 46, 47, and 48, and (ii) the "Amount" descriptors for Counts 54 and 55.

Instructions must "fairly, adequately, and correctly state the governing law," *United States v. Denny*, 939 F.2d 1449, 1454 (10th Cir. 1991), and the court's comments "should not be one sided." *United States v. Hardwell*, 80 F.3d 1471, 1487 (10th Cir. 1996). The challenged aspect of these instructions violates those rules for the following reasons.

These entries do not describe expenditures or amounts. They recite the Indictment's argumentative characterizations as fact — that salary was paid for work "not required" and "little or no productive work" performed (Counts 35, 36) or "no additional productive work" (Counts 37, 38); that vacation payouts were "contrary to the policies of the IBB" and exhausted "allotted vacation time" (Counts 41–46); that services were incurred "for the personal benefit" of named individuals (Count 47); that loans were made "contrary to" three sources of law (Count 48); and that retirement payments to Newton Jones and to William Creeden constituted "cumulative retirement payments" without lawful basis (Counts 54, 55). Each is a contested element. Instruction 32's element 3 then directs the jury to apply the embezzlement elements "for the expenditure listed in Column D," treating the characterization as the predicate of the inquiry. The court should sustain the objection and revise the identified entries to neutral identifiers.

9

The government's objection, *see* Doc. 419 at 1-6, proves why neutral count-identifying language is necessary. If the Court concludes that exact dollar amounts or traveler identities are not elements, the answer is not to strip the counts down to generic "property was taken" language. That would invite a constructive broadening problem and collapse dozens of charged transactions into an undifferentiated embezzlement theory. The chart should identify each count neutrally enough to preserve count identity and unanimity, without adopting the Indictment's argumentative labels as fact.

## V.      Instructions 40 & 41

### A.      Proposed instruction—Materiality

Mr. Creeden requests that the following instruction be supplied in conjunction with

what is currently slated as Instructions 40 and 41 on Count 53:

> For Count 53, the government must prove beyond a reasonable doubt that the alleged wire-fraud scheme used deception to obtain Bank of Labor money or property. It is not enough to prove a disclosure violation, a conflict-of-interest issue, a breach of policy, or a governance failure. The government must prove that the alleged deception was capable of influencing a Bank of Labor decision about money or property and that obtaining Bank of Labor money or property was an object of the alleged scheme..

*See* Doc. 415 at 6-7.

11

## Conclusion

The Court should sustain Mr. Creeden's objections and accept his submissions.

Respectfully submitted,

Federico Andino Reynal, *pro hac vice*
THE REYNAL LAW FIRM, PC
917 Franklin Street, Sixth Floor
Houston, TX 77002
Tel: 713-228-5900
areynal@frlaw.us

Kurt P. Kerns # 15028
KERNS LAW GROUP
328 N. Main Street Wichita, KS 67202
Tel: 316-265-5511
kurtpkerns@aol.com

/s/ Chad Flores
Chad Flores
Flores Law PLLC
917 Franklin Street, Suite 600
Houston, TX 77002
Tel: (713) 364-6640
chad@chadflores.law

Attorneys for William Creeden

12

## Certificate of Service

A true and correct copy of the foregoing document was served via the Court's CM/ECF system to all registered counsel of record on the day of its filing.

 /s/ Kurt Kerns
Kurt Kerns