## UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **Hon. Daniel D. Crabtree** |
| **Plaintiff,** | **Crim. Case No. 2:24-cr-20070-DDC-TJJ** |
| v. | |
| **NEWTON JONES,**<br>**WILLIAM CREEDEN,**<br>**KATERYNA (KATE) JONES, and**<br>**LAWRENCE McMANAMON** | |
| **Defendants.** | |

## GOVERNMENT'S SUPPLEMENTAL BRIEF REGARDING REMAINING ISSUES IN PROPOSED JURY INSTRUCTIONS

1

A. **<u>Instruction No. 25</u>**

The Court requested additional authority for the Government's objections to Instruction No. 25.

1.   Instruction No. 25 at page 30 contains the sentence, "In this case, the unlawful object of <u>the agreement in the formation of an enterprise</u> whose activities would affect interstate commerce through a pattern of racketeering activity."   The object of the conspiracy is not to form an enterprise, however.   The object of the conspiracy in Count One is "to conduct and participate in the conduct of the enterprise through a pattern of racketeering activity."

> "In short, to find the defendant guilty of the RICO conspiracy . . ., you must find that the government proved beyond a reasonable doubt that the defendant joined in an agreement or conspiracy with another person or persons, knowing that the objective or purpose was to conduct or to participate, directly or indirectly, in the conduct of the affairs of an enterprise through a pattern of racketeering activity, and intending to join with the other person or persons to achieve that objective."

<u>United States v. Martinez,</u> 543 F.Supp. 1209, 1219 (D.New Mexico 2021) (emphasis added), citing Third Circuit Pattern Jury Instructions Criminal 6.18.1962D, at 36-40, Tenth Circuit Criminal Pattern Jury Instructions 2.19(5) (Conspiracy Under 18 U.S.C. § 371), at 97 and <u>Salinas v. United States</u>, 5622 U.S. 52, 61, 65 (1997).

2.   The interstate commerce instruction at page 31-32 could be more clear on the interstate commerce element of the RICO offense.   A clearer instruction after the first sentence on page 32 would read, "The enterprise was or would be engaged in, or that its activities affected or would affect, interstate commerce.   Only a minimal effect on commerce is necessary."

> The racketeering activity must have some effect on interstate commerce.   Section 1962 (c) also provides that a pattern of racketeering activity which affects foreign commerce is unlawful. If supported by evidence, substitute foreign commerce for interstate commerce. However the element may be satisfied when the predicate acts form a nexus with interstate commerce; when the interstate commerce is affected by either the enterprise or its activities. <u>See</u> <u>United States v. Muskovsky</u>, 863 F.2d 1319 (7th Cir. 1988); R.A.G.S. Couture, Inc. v. Hyatt, 774 F.2d 1350 (5th Cir. 1985); <u>United States v. Barton</u>, 647 F.2d 224 (2d Cir. 1981).

United States v. Smith, 413 F.3d 1253, 1273–74 (10th Cir. 2005).

> *"Fourth*: That the enterprise was engaged in interstate [foreign] commerce or that its activities affected interstate [foreign] commerce.
>
> The enterprise "engaged in commerce" if it directly engaged in the production, distribution, or acquisition of goods or services in interstate [foreign] commerce. The enterprise's conduct "affected" interstate [foreign] commerce if the conduct had a demonstrated connection or link with such commerce. It is not necessary for the government to prove that the defendant knew or intended that the enterprise was engaged in commerce or that its conduct would affect commerce. It is only necessary that the natural consequences of the enterprise's conduct affected commerce in some way. Only a minimal effect on commerce is necessary."

See Pattern Crim. Jury Instr. 5th Cir. 2.79:

**3.**  The Government withdraws its objection to the Instruction No. 25 at page 33, point 1 consisting of the phrase "part of a long term association that exists for criminal purposes."

### B. Instruction No. 26

On Count One, Defendant Creeden requested that the Government make an election between the theory that it had established a RICO enterprise or merely that Defendants had agreed that a RICO enterprise would be formed. Without conceding that the Indictment was deficient or that the evidence presented was insufficient, the Government elects to proceed with the theory that the evidence establishes a RICO enterprise.

### C. Instruction No. 33

The Court requested some case law on the final paragraph of section 501(a) directing that that exculpatory resolutions are "void as against public policy." This provision is invoked within criminal prosecutions where offenders attempt to retroactively authorize their actions despite union rules to the contrary which prohibit those actions. For example, in United States v. Durnin, 632 F.2d 1297, 1301-02 (5th Cir. 1980), a union official charged with submitting double

3

reimbursements argued that several members of the union knew about and acquiesced in his misuse of their funds, that his actions were "common knowledge." Similarly, in United States v. Dibrizzi, the court upheld the conviction of a union official charged with using union accounts for personal expenses where expenses were later authorized and adopted by governing body of union. The court dismissed this defense stating, "[T]he reach of 501(c) is not limited to union officers who engage in stealthy larcenies or devious embezzlements but extends to an officer who 'unlawfully and willfully abstracts or converts to his own use' the funds of a labor organization. When one sends the union a voucher known to be an improper one, and then receives payment of the voucher, the crime is completed." 393 F.2d 642, 645 (2d Cir. 1968). Accord United States v. Ladmer, 429 F. Supp. 1231, 1240 (E.D.N.Y. 1977).

In Colella v. United States, First Circuit specifically addressed the propriety of a jury instruction based on the exculpatory provision in section 501(a). In that case, the trial court improperly permitted the defendant to present a defense that it was a known practice that union officials falsified vouchers. The First Circuit affirmed the conviction remarking with respect to the trial court's jury instructions that, "If error was committed, it was in ignoring 29 U.S.C. § 501(a) which prohibits exculpatory resolutions purporting to relieve violations of the statute. If error, it favored defendant." 360 F.2d 792, 802 (1st Cir. 1966).

### D. **Instruction No. 28**

The sentence at the bottom of page 36 is inaccurate. It should read, "Again, the government must prove that the defendant agreed that at least two racketeering acts of the types alleged in the Indictment would be committed by a fellow member of the conspiracy." See 11th Cir. Pattern Charge, Offense 75.2.

**E. Instruction No. 29 (Inapposite Hub/Spoke/Rim argument)**

Defendant Creeden's proposed addition to Jury Instruction 29 is unnecessary and misstates the law. Defendant's instruction seeks to insert a number requirement as a sub-element to the interdependence element of conspiracy. No such requirement exists with respect to interdependence nor RICO enterprise. Instruction 29 is consistent with the Tenth Circuit pattern instruction on interdependence. See e.g. 2.19 CONSPIRACY 18 U.S.C. § 371 ( with respect to 18 U.S.C. § 371 "members, in some way or manner, intended to act together for their shared mutual benefit within the scope of the conspiracy charged.")

Similarly, Instruction 26—which instructs the jury that an "association-in fact enterprise must have at least three structural features: a purpose; relationships among those associated with the enterprise; and longevity sufficient to permit these associate to pursue the enterprise's purpose"—is also consistent with circuit precedent. The Tenth Circuit has held that so long as the "district court obliged the government to show that the members of the alleged enterprise shared a common purpose, that they interacted or associated in some way to advance this shared purpose, and that the members of the enterprise so functioned long enough to complete a pattern of racketeering activity . . . , no more is required to show that an enterprise has the requisite structure. Neither [is] any special formulaic instruction or particular incantation required to convey [the Supreme Court's] test". United States v. Hutchinson, 573 F.3d 1011, 1022 (10th Cir. 2009).

Defendant's proposal should therefore be denied as inconsistent with the law, unnecessary, and likely to lead to juror confusion.

**F. Instruction No. 30**

This instruction focuses solely on one's operation or management of or participation in the

enterprise.   The RICO statute requires that such operation of the enterprise must involve a pattern of racketeering activity.   The Government suggests that "member who would be employed" be replaced with "member who would commit at least two racketeering acts in the conduct of the affairs of the enterprise."

### G. **Government's Proposed instruction- Co-Conspirator Statements**

The Court requested language regarding how it would address co-conspirator statements in the jury instructions.   The Government proposes the following;

"During the trial, you heard rulings from the Court instructing you to only consider specific testimony and exhibits for use against Mr. Newton Jones and Mr. William Creeden. You may now also consider that testimony to determine whether Ms. Kateryna Jones participated in the conspiracy and you may draw any reasonable inferences from them."

Respectfully submitted,


RYAN A. KRIEGSHAUSER
UNITED STATES ATTORNEY

By:_____
    FAIZA ALHAMBRA
    Assistant United States Attorney

By:_____
    JABARI WAMBLE
    Assistant United States Attorney

By:\_\_\_\_\_/s/ Vincent Falvo_____
    VINCENT FALVO
    Trial Attorney

By:_____
    ALEXANDRA SWAIN
    Trial Attorney

## <u>CERTIFICATE OF SERVICE & FILING</u>

I hereby certify that on May 27, 2026, I electronically filed the foregoing trial brief with

the Clerk of the Court using the ECF system which will send notification to all relevant parties.

By:_____/s/Vincent Falvo_____
VINCENT FALVO
Trial Attorney