UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff*,

v.

                                  Case No. 2:24-cr-20070-DDC

NEWTON JONES (01),
WILLIAM CREEDEN (02),
KATERYNA JONES (03),
LAWRENCE MCMANAMON (05),

    *Defendants*.

**Defendants' Joint Opposition to the Government's
Document 438 Motion to Use Photos in Closing Argument**

# Table of Contents

Summary ..................................................................................................................... 3

I.    The Government has not satisfied Rule 107(a)'s threshold for trial use. ................ 4

    A.    The photographs lack foundation. ................................................................. 4

    B.    The photographs add little. ........................................................................... 5

    C.    The photographs risk distortion. .................................................................. 5

    D.    The law confirms the limit. ........................................................................... 6

    E.    The defendant photographs fail too. ............................................................ 6

II.    Rule 107(b)'s logic reinforces denial even if its text does not directly control first-time closing use. ...................................................................................................... 7

    A.    Closing use creates a similar risk. ................................................................. 7

    B.    The image still enters deliberations. ............................................................ 7

    C.    The Government has no good cause. ............................................................. 8

    D.    An instruction does not cure it. .................................................................... 8

    E.    The sequence matters. .................................................................................. 8

Conclusion ................................................................................................................. 9

All Defendants file this joint response to the government's Document 438 motion to use photos in closing argument. The motion should be denied.

### Summary

The motion should be denied because closings shouldn't use non-evidence photos that skew the process, even if only a little. It's complicated enough already. Simple is best.

Rule 107(a) requires a serious Rule 403-like threshold showing before a party may use an illustrative aid in closing. The Government has not come close to making that showing for photographs the jury never received, no witness authenticated, and no party tested. The photographs do not explain evidence. They do not summarize testimony. They do not help the jury understand an exhibit. They instead offer curated visual impressions of witnesses after the evidentiary record has closed.

The Government says that "counsel's objection asks this Court to pretend that the jurors had their eyes closed when hearing the witnesses testify." Doc. 438 at 3. But Mr. Creeden's objection assumes the opposite. The jurors had their eyes open. They saw the witnesses testify. The Government is the party asking for extra visual prompts because it doubts the jury can remember the people who sat a few feet away and testified under oath. Rule 107 does not permit curated images to refresh ordinary human memory.

If the Court were to permit what the government seeks, then in fairness, the rule would require letting the defense show photos of how government witnesses looked when cross-examination exposed their biases and falsehoods. That absurd-but-necessary extension shows why the Government's motion should not be granted in the first place.

## I.     The Government has not satisfied Rule 107(a)'s threshold for trial use.

Rule 107(a) supplies the trial-use gate. It permits an illustrative aid when the aid helps the jury understand the evidence or argument and that utility is not substantially outweighed by unfair prejudice, confusion, misleading effect, delay, or wasted time. Fed. R. Evid. 107(a). The Government has not come close to satisfying that standard.

### A.     The photographs lack foundation.

The Rule 107(a) balance fails at the utility side first. The witness photographs were never offered, admitted, authenticated, or tied to testimony. No witness confirmed when they were taken, who took them, whether they accurately depict the witness as the jury saw the witness, or whether pose, lighting, framing, timing, or setting altered the impression. Rule 107(a) asks the Court to evaluate utility and risk. The Government gives the Court assertion instead of foundation.

*United States v. LaPlatney*, 157 F. App'x 93 (10th Cir. 2005), makes that point in the photograph context. The Tenth Circuit affirmed exclusion of booking photographs where the proponent merely asserted what the photographs supposedly showed. *Id.* at 96. "Simply asserting, in the absence of any supporting evidence," that photographs establish the proponent's point is insufficient. *Id.*

The same problem exists here. The Government asserts that the photos accurately depict witnesses as the jury saw them. No witness has said that. No foundation establishes that. Rule 107(a) does not require formal admission, but it does require enough reliability for the Court to weigh utility against risk.

### B.    The photographs add little.

The claimed utility is weak. The Government says the jury saw the witnesses testify, so their appearances are "essentially in evidence." But the evidence was *the testimony*, not *the witness*. Witnesses present testimony as evidence. The witness is not the evidence, and the witness is therefore not the thing that needs illustration. To the extent appearance matters at all, it mattered in the moment—when the witness testified, answered, hesitated, reacted, and sat before the jury. A later photograph cannot illustrate that live impression. If the photographs add nothing beyond what the jury already saw, their incremental utility is minimal. If they add something different, they add untested information after the record closed. Either way, the Government cannot carry the Rule 107(a) balance.

### C.    The photographs risk distortion.

The risk side is concrete and substantial. A selected photograph can sharpen, soften, flatter, diminish, or otherwise reshape how jurors remember a witness. That risk matters in closing, when credibility and recollection are central and no party can test the image. Counsel may remind the jury of testimony in words. Counsel should not be permitted to supply new visual material to influence how jurors remember witnesses.

The Rule 107(a) balance is not close. On one side is minimal utility: the jury already saw the witnesses, and the photographs do not explain any testimony or admitted exhibit. On the other side is a meaningful risk of misleading the jury with curated, untested visual impressions at the most important advocacy stage of trial. That is precisely the kind of imbalance Rule 107(a) polices.

### D.    The law confirms the limit.

Wright & Miller confirm the same limit. An illustrative aid is not proof of a disputed fact; it exists only to help the jury understand evidence or argument. 21 Fed. Prac. & Proc. Evid. § 5092. Rule 107(a) therefore requires the Court to assess the aid's actual "utility in assisting comprehension" and weigh that utility against prejudice, confusion, misleading effect, delay, and waste. *Id.* § 5093.

Tenth Circuit law tracks that principle: a demonstrative aid requires foundation and must "fairly and accurately summarize previously admitted competent evidence." *Dahlberg v. MCT Transp., LLC*, 571 F. App'x 641, 647 (10th Cir. 2014). So "to be truly *demonstrative*, an exhibit must actually *demonstrate* something else." *Id.* (emphasis in original). These photographs do not. They do not summarize admitted evidence or explain testimony. They invite the jury to use new visual material as a memory cue for credibility and witness identity. That is closer to a substitute impression than a teaching aid.

### E.    The defendant photographs fail too.

The defendants' driver's-license photographs present the same concern. Silence during opening did not create foundation for closing, authenticate the images, establish Rule 107(a) utility, or eliminate prejudice and misleading effect. Creeden does not consent to use of his photograph, and the Government has made no image-specific Rule 107(a) showing. Rule 107(a) is enough to deny the motion.

6

**II.    Rule 107(b)'s logic reinforces denial even if its text does not directly control first-time closing use.**

Rule 107(b) addresses deliberations. It states that an illustrative aid "is not evidence" and "must not be provided to the jury during deliberations" unless all parties consent or the Court, for good cause, orders otherwise. Fed. R. Evid. 107(b). The Government says the slides will not go back to the jury room. That may avoid Rule 107(b)'s literal prohibition. It does not avoid the rule's logic.

**A.    Closing use creates a similar risk.**

First-time use in closing creates a close analog to jury-room use. In both settings, the jury encounters non-evidence outside the testing function of trial. In both settings, the aid may assume outsized importance because no witness accompanies it. And in both settings, the Court cannot rely on cross-examination, authentication testimony, or competing evidentiary development to correct a misleading impression. The risk is not identical, but it is close enough that Rule 107(b) should guide the Court's Rule 107(a) balance.

**B.    The image still enters deliberations.**

Wright & Miller explains why. Rule 107(b) reflects the concern that, once deliberations begin, the Court and counsel cannot monitor how jurors use, overuse, or misunderstand an illustrative aid. 21 Fed. Prac. & Proc. Evid. § 5094. That concern applies with substantial force when a party first displays an untested photograph in closing. The photograph may not physically enter the jury room, but its impression does. Jurors carry that image into deliberations the same way they carry any closing argument. The practical risk is therefore not solved by saying the PowerPoint itself stays outside the room.

### C.   The Government has no good cause.

Nor has the Government made the showing Rule 107(b) would require if the photographs were formally provided during deliberations. There is no consent. Mr. McManamon objected. Mr. Creeden objects now. There is no good-cause showing. The Government does not explain why photographs never admitted, authenticated, or tested should be shown at the one point in trial when no one can test them. Those omissions matter even if Rule 107(b) applies only by analogy. They confirm why Rule 107(a)'s balance weighs against use.

### D.   An instruction does not cure it.

The Government's limiting-instruction point also does not answer the problem. The standard instruction that lawyers' statements are not evidence does not authenticate the images, establish their accuracy, or prove their utility. Nor can it make jurors unsee an image first displayed after the evidentiary record closed. The instruction reduces one risk; it does not eliminate the Rule 107 problem.

### E.   The sequence matters.

The rule's structure confirms the sequence. Rule 107(a) decides whether an aid may be presented at trial. Rule 107(b) decides whether an aid may go to the jury room. A promise not to send slides to the jury room may address the second question. It does not answer the first. And when the proposed aid first appears in closing, Rule 107(b)'s concerns should inform the first question because the practical effect is similar: non-evidence reaches the jury too late for meaningful adversarial testing.

## Conclusion

The motion should be denied.

Respectfully submitted,

Federico Andino Reynal
THE REYNAL LAW FIRM, PC
917 Franklin Street, Sixth Floor
Houston, TX 77002
Tel: 713-228-5900
areynal@frlaw.us

Kurt P. Kerns # 15028
KERNS LAW GROUP
328 N. Main Street Wichita, KS 67202
Tel: 316-265-5511
kurtpkerns@aol.com

/s/ Chad Flores
Chad Flores
Flores Law PLLC
917 Franklin Street, Suite 600
Houston, TX 77002
Tel: (713) 364-6640
chad@chadflores.law

Attorneys for William Creeden

/s/ *Patrick A. McInerney*
Patrick A. McInerney # 22561
Daniel M. Nelson KS Fed # 79203
SPENCER FANE LLP
1000 Walnut Street, Suite 1400
Kansas City, Missouri 64106-2140
Tel: 816-474-8100
Fax: 816-474-3216
pmcinerney@spencerfane.com
dnelson@spencerfane.com
Attorneys for Newton Jones

9

/s/ *Mark Molner*
Mark D. Molner # 24493
EVANS & MULLINIX, P.A.
7225 Renner Road, Suite 200
Shawnee, KS 66217
Tele: 913-962-8700
Fax: 913-962-8701
mmolner@emlawkc.com

John T. Davis
KESSLERWILLIAMS LLC
1401 S. Brentwood Blvd., Suite 950
St. Louis, MO 63144
Tele: 314-455-5555
Fax: 314-727-2869
john.davis@kesslerwilliams.com
Attorneys for Kateryna Jones

/s/ *Branden Smith*
Branden Smith # 22761
SMITH LEGAL, L.L.C.
719 Massachusetts Street, Suite 126
P.O. Box 1034
Lawrence, Kansas 66044
Tele: 785-856-0780
Fax: 785-856-0782
branden@smithlegalllc.com

Kevin M. Spellacy
James Wooley
Erin E. Hanson
323 W. Lakeside Ave., Suite 200
Cleveland, OH 44113
Tele: 216-344-9220
Fax: 216-664-6999
kspellacy@spellacylaw.com
jwooley@spellacylaw.com
ehanson@mghslaw.com
Attorneys for Lawrence McManamon

10

## Certificate of Service

A true and correct copy of the foregoing document was served via the Court's

CM/ECF system to all registered counsel of record on the day of its filing.

 /s/ Kurt Kerns
Kurt Kerns