UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff*,

v.

    Case No. 2:24-cr-20070-DDC

NEWTON JONES (01),
WILLIAM CREEDEN (02),
KATERYNA JONES (03),
LAWRENCE MCMANAMON (05),

    *Defendants*.

**Defendant William Creeden's
Closing Argument Objection and
Request for Curative Instruction**

Defendant William Creeden files this objection regarding the government's closing argument and request for a curative instruction.

**Argument**

Mr. Creeden objects to the government's misstatement of the governing law during closing argument and requests a curative instruction.

**I.    Objection: The Government misstated Count 1's central disputed element.**

The government may not misstate the law in closing argument. *E.g.*, *United States v. Hollis*, 971 F.2d 1441, 1455 (10th Cir. 1992); *United States v. Currie*, 911 F.3d 1047, 1055 (10th Cir. 2018). Doing so is prosecutorial misconduct. *Currie*, 911 F.3d at 1055. That happened here twice—once visually, and once orally. Mr. Creeden objects.

The government misstated the Count 1 elements twice. It first displayed a slide listing a truncated version of the RICO-conspiracy elements. It then orally recited that same truncated formulation to the jury. Both versions omitted the first element's essential requirement that "the Jones Enterprise, as charged in the Indictment, actually existed." The slide gave the jury an incorrect checklist. The oral recitation reinforced the same error.

Both misstatements mattered because this element was the central battlefield of Count 1 and the Court's instructions rightly resolved that fight in Mr. Creeden's favor. The parties repeatedly fought over whether the government had to prove that the charged Jones Enterprise actually existed, rather than merely prove an agreement, a collection of IBB officials, or a pattern of alleged racketeering acts. That distinction marks the boundary between a valid Count 1 submission and severe legal error. Denying it is materially harmful.

2

In a case built on a disputed association-in-fact enterprise, this error risks a conviction based on an agreement to commit racketeering acts without a finding that the charged Jones Enterprise actually existed. That is not the law the Court instructed. It is not the law the jury may apply.

The government's later reference to the correct requirement did not cure the error. Jurors use element slides as roadmaps. Here, the government's leading roadmap omitted the enterprise-existence requirement, and the government repeated the omission aloud. A later reference during discussion of the first element did not erase the legal roadmap the jury first saw and heard. The correction must be unequivocal and come from the Court.

## II.    Request for Curative Instruction

"Generally, prosecutorial misstatements about the law should be addressed by the court through curative instructions or through other means of addressing the jury." *Le v. Mullin*, 311 F.3d 1002, 1018 (10th Cir. 2002). The cure should match the error: "the more improper the argument and the more prejudicial the circumstances, the more specific and timely must be the curative instruction." *Whittenburg v. Werner Enters. Inc.*, 561 F.3d 1122, 1131 (10th Cir. 2009).

Applied here, that remedial rule warrants a substantial correction. The government misstated an essential, contested element of Count 1—the *actual existence* of the charged Jones Enterprise—and did so both visually and orally. A generic reminder that argument is not evidence will not cure a wrong legal checklist. Nor will the preexisting written instructions suffice after the government re-framed them in closing. The Court should give

an express, targeted correction restoring the enterprise-existence requirement. Mr. Creeden's request places that obligation at its height. *See Le*, 311 F.3d at 1018 n.8.

Mr. Creeden therefore requests that the Court give one of the following curative instructions.

**Requested Curative Instruction—Alternative 1**

Members of the jury, during closing argument the government displayed and discussed a summary of the elements for Count 1. To the extent any lawyer's statement, slide, or summary differs from my instructions, you must follow my instructions. For Count 1, the government must prove beyond a reasonable doubt that the Jones Enterprise, as charged in the Indictment, actually existed as an enterprise affecting interstate commerce. You may not assume that the Jones Enterprise existed. You may not treat its existence as satisfied merely because IBB existed, because persons held IBB offices, because persons associated with one another, or because you find that any racketeering activity occurred. The government must prove the charged enterprise itself, along with every other element of Count 1, beyond a reasonable doubt.

**Requested Curative Instruction—Alternative 2**

As to Count 1, the government must prove beyond a reasonable doubt that the Jones Enterprise actually existed as an organization distinct from the IBB's ordinary operations and separate from any pattern of racketeering activity, as set out in Instructions 22 and 23. Any statement by counsel inconsistent with the Court's instructions must be disregarded.

The Court should give the curative instruction after all closing arguments conclude. Timing matters because the government will speak again in rebuttal. A cure before rebuttal would let argument overtake the Court's correction. The proper cure should be the final legal instruction the jury hears before deliberations begin.

4

## Conclusion

The Court should sustain the objection and issue one of the curative instructions.

Respectfully submitted,

Federico Andino Reynal
The Reynal Law Firm, PC
917 Franklin Street, Sixth Floor
Houston, Texas 77002
(713) 228-5900
areynal@frlaw.us

Kurt P. Kerns # 15028
Kerns Law Group
328 N. Main Street
Wichita, Kansas 67202
(316) 265-5511
kurtpkerns@aol.com

/s/ Chad Flores
Chad Flores
Flores Law PLLC
917 Franklin Street, Suite 600
Houston, Texas 77002
(713) 364-6640
chad@chadflores.law

Attorneys for William Creeden

5

## Certificate of Service

A true and correct copy of the foregoing document was served via the Court's

CM/ECF system to all registered counsel of record on the day of its filing.

 /s/ Kurt Kerns
Kurt Kerns