**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:24-cr-20070-DDC-TJJ** |
| | ) | |
| **NEWTON JONES, et al,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**DEFENDANT NEWTON B. JONES'
SUPPLEMENTAL MOTION FOR JUDGMENT OF ACQUITTAL**

COMES NOW Defendant Newton B. Jones, by and through his undersigned counsel, and hereby respectfully moves pursuant to Rule 29 of the Federal Rules of Criminal Procedure for judgment of acquittal.

Mr. Jones filed his original Motion for Judgment of Acquittal at the close of the government's evidence. Doc. 407. The Court reserved judgment on that motion, and it remains pending. In this supplement, Mr. Jones again advances a general motion under Fed. R. Crim. P. 29 as authorized under the Tenth Circuit caselaw referenced in his original motion. In doing so, Mr. Jones challenges each essential element of each remaining count.[1] *See* Doc. 453 (Verdict). Mr. Jones does not waive, forfeit, or otherwise compromise any aspect of his original motion, which remains pending. This supplemental motion only renews his request for a judgment of acquittal following the close of all the evidence and

---

[1] Mr. Jones was found guilty only on Counts 1, 6, 10-11, 14, 16, 19-21, and 34-54.  He was acquitted of Counts 2-5, 7, 15, 18, 22-24, 27, 30-31, and 55-57.  The Court dismissed counts 8-9, 12-13, 17, 25-26, 28-29, and 32-33 prior to submission.

specifies that a judgment of acquittal is especially warranted for the reasons stated below and for the reasons stated in the supplemental motion filed by Mr. Creeden contemporaneously herewith. In addition to the arguments below regarding Count 19, Mr. Jones joins Mr. Creeden's supplemental motion in full and incorporates it fully herein by this reference as if each argument made by Mr. Creeden applied to Mr. Jones as well.

### Argument

Count 19 fails because the government proved neither principal liability nor aiding-and-abetting liability, which illustrates the government's failure of proof across all § 501(c) counts.

First, the government failed to introduce any evidence to support either principal or aiding and abetting liability for either defendant as to Count 19.  Mr. Jones did not travel on the trip to Italy charged in Count 19, and there was no evidence that the lone traveler on the trip shared any criminal intent with him.

Second, there was no evidence that any of the IBB money expended for the trip was converted to Mr. Jones's personal use.

Third, there was no evidence that Mr. Jones acted with fraudulent intent to deprive the IBB of its money.

As a central premise, each of the counts that charged a violation of Title 29, United States Code, Section 501(c) (embezzlement from a labor organization), including Counts 19 and 48, was subject to the verdict director contained in Instruction No. 28. Doc. 447 at p. 35. Instruction No. 28 directed the jury that, in order to "find a defendant guilty of this

crime, you must be convinced that the government has proved each of the following elements beyond a reasonable doubt:

> *First element*: that the IBB was a labor organization engaged in an industry affecting interstate or foreign commerce;

> *Second element:* that the defendant was an officer of employee of the IBB;

> *Third element*: that on or about the date range listed in Column C in Instruction 30, the defendant-without authorization-embezzled, stole, or abstracted or converted to his or her own use money from the IBB for the expenditure listed in Column D in Instruction 30; and

> *Fourth element*: the defendant acted unlawfully, willfully, and with fraudulent intent to deprive the IBB of its money.

*Id.*

As a corollary, the first two elements were generally conceded by the defendants, the third and fourth being the subject of focus for both the prosecution and the defense.

Count 19 charged Mr. Jones with embezzlement based on travel by a single IBB employee (James O'Leary) to Rome and Paestum, Italy on or about April 17-26, 2022, to attend the FLAEI Congress. It was undisputed that Mr. Jones was not on the trip, did not stay at the hotels where Mr. O'Leary stayed, eat the meals he ate, or expend any union money in connection with the trip. Mr. O'Leary was not charged, and there was no evidence that Mr. O'Leary had criminal intent in traveling to or attending the FLAEI Congress, or that he would even have been aware that there was criminal intent on the part of any person

if it existed. Similarly, no evidence was presented that any money or benefit was conferred on or flowed to Mr. Jones as a result of the trip. See Exhibit 319.

Count 19 was charged as a violation of 29 U.S.C. § 501(c) and 18 U.S.C. § 2[2]. As such, Mr. Jones' liability for the embezzlements charged was either as a principal or as an aider and abettor, pursuant to 18 U.S.C. § 2. As with all the so-called travel counts that survived to the jury's consideration[3], the Court instructed the jury that it was to find beyond a reasonable doubt, inter alia, "that . . the defendant – without authorization – embezzled, stole, or abstracted or converted to *his or her own use* money from the IBB for the expenditure listed in Column D in Instruction 30" (emphasis supplied). Instruction 28, Doc. 447 at p. 35.

With respect to § 2 liability, the Tenth Circuit has held that "to be convicted of aiding and abetting, a defendant must share in the intent to commit the underlying offense." *United States v. Willis*, 476 F.3d 1121, 1125 (10th Cir.2007) (quotations omitted); *see also United States v. Rufai*, 732 F.3d 1175, 1190 (10th Cir. 2013) (same). In the context of Count 19, this means that if Mr. Jones is liable under an aiding and abetting theory, Mr. O'Leary – the lone traveler – must have "shared in the intent" to embezzle union funds because, as the only person on the trip, he alone was the one who presumably "benefitted."

---

[2] 18 U.S.C. § 2 provides: "(a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.
(b) Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal."

[3] Counts 2-7, 10-11, 14-16, 18-24, 27, 30-31.

The government introduced no evidence of "benefits" beyond the rudimentary basics of O'Leary's assignment: travel to Italy, lodging, meals, incidentals, etc.

The government offered no evidence other than documents establishing that Mr. O'Leary took the trip and sought reimbursement for the permitted expenses. See Exhibit 319. There was no evidence whatsoever of Mr. O'Leary's intent in taking the assigned trip to the FLAEI Congress, let alone that he harbored some criminal intent in doing so. And while it goes without saying that there can be no conviction for aiding and abetting someone to do an innocent act, *Shuttlesworth v. Birmingham*, 373 U.S. 262, 265 (1963), neither was there evidence that the "benefits" conferred on Mr. O'Leary were anything beyond the basics of undertaking the assigned trip. In the absence of evidence to support § 2 liability as an aider and abettor, the only viable theory is that Mr. Jones is criminally responsible as a principal.

If Mr. Jones' liability is as a principal, that is, liability under Section 501(c) only, then the government bore the burden of proving beyond a reasonable doubt that Mr. Jones (not someone else) actually embezzled, stole or abstracted or converted the IBB's money to ***his own use*** by virtue of the trip charged in Count 19. *See* Doc. 447 at p. 35.[4]

---

[4] The government elected not to proceed under a theory of embezzlement to "the use of another." It cannot now backtrack on that election. A court's review of the sufficiency of the evidence "may well be constrained by . . . waiver, forfeiture, and estoppel" when the government fails to object to instructions imposing a heightened burden. *United States v. Iverson*, 818 F.3d 1015, 1027 n.5 (10th Cir. 2016) (citation and quotation marks omitted). Here, the government not only declined to object to Instruction No. 28; it affirmatively waived and forfeited any argument that Mr. Jones embezzled money "to the use of another." After reading Instruction No. 28 to the jury, the Court asked twice whether any party had any objections to the instructions so far. The government responded affirmatively both times: "No, Your Honor" and "No objection." June 1, 2026 Rough Tr. at 55:17-20, 57:2-4. The government then quoted the "to his own use" language from Instruction No. 28 in its closing argument. *Id.* at 61:21-24. This language was also a focal

Very simply, Instruction 28 required proof of embezzled money going to Mr. Jones in connection with the trip charged in Count 19. There was no such evidence, either through testimony or documentary evidence. The sole exhibit in support of Count 19, Exhibit 319, consists of the assignment letters (the original and two corrected versions), itinerary information and travel receipts, and a request for reimbursement. The government did not so much as suggest that Mr. Jones received IBB money in connection with the trip, only that the trip itself was vaguely "unnecessary" and "lavish." Indeed, if the whole of Mr. Jones' liability arises from the appointment letters bearing his signature stamp, the evidence of such a ministerial step still falls far short – for either principal or accessory liability – because it must be accompanied by criminal intent and evidence of his "embezzling, stealing, abstracting or converting to his own use." Instruction 28, Doc. 447 at p. 35.

The government's proof failed because the underpinnings of its theory find no support in the law. There is no authority for the proposition that an unknowing, innocent participant in an embezzlement (who, if he was aware, would be a principal), as the sole beneficiary of the offense, can be the lynchpin to principal liability for a non-participant defendant.

---

point of Mr. Jones's closing argument, whose counsel quoted it several times and focused on the lack of a personal benefit to Mr. Jones. *Id.* at 147:6-9, 159:7-160:19. The government has thus waived, forfeited, and should be estopped from making any argument that the jury's finding is supported by embezzlement to "the use of another."

For the foregoing reasons, pursuant to Rule 29, the Court should grant Defendant's Motion for Judgment of Acquittal as to all remaining counts and grant such other relief as the Court deems just and proper.

Respectfully submitted,
SPENCER FANE LLP

/s/ *Patrick A. M<sup>c</sup>Inerney*

| | |
|---|---|
| Patrick A. M<sup>c</sup>Inerney, | KS# 22561 |
| Daniel M. Nelson, | KS Fed # 79203 |
| Caleb P. Phillips, | KS#26226 |
| Emily N. Reed, | KS Fed#79020 |

SPENCER FANE LLP
1000 Walnut Street, Suite 1400
Kansas City, Missouri 64106-2140
Tele: 816-474-8100
Fax: 816-474-3216
pmcinerney@spencerfane.com
dnelson@spencerfane.com
cphillips@spencerfane.com
ereed@spencerfane.com

Attorneys for Newton Jones

7

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing was electronically filed on June 29, 2026, with the Clerk of the Court for delivery to interested parties.

*/s/ Patrick A. M<sup>c</sup>Inerney*

8