UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>              **Plaintiff,**<br><br>     **v.**<br><br>**NEWTON JONES,**<br>**WILLIAM CREEDEN,**<br>**KATERYNA (KATE) JONES, and**<br>**LAWRENCE McMANAMON,**<br><br>              **Defendants.** | **Crim. Case No. 2:24-cr-20070-DDC** |

### GOVERNMENT'S RESPONSE IN OPPOSITION TO
### WILLIAM CREEDEN'S MOTION FOR NEW TRIAL

COMES now the United States, by its counsel Ryan A. Kriegshauser, United States Attorney for the District of Kansas, and responds in opposition to Defendant William Creeden's Motion for a New Trial. (Doc. 486). The Defendant seeks this disfavored relief based on the Court's rightful exclusion of irrelevant testimony that had the potential to mislead and confuse the jury. There is no basis upon which the Court should grant a new trial and the Defendant's motion should be denied.

## I.    RELEVANT FACTS

Defendant William Creeden sought to call attorney David Elbaor as a defense witness. The Boilermakers Union hired Elbaor in December 2020 to represent the Union in a Department of Labor international compliance audit. Trial. Tr. 3814. The Union expanded the scope of representation to include a grand jury subpoena in April 2022 in relation to the instant case. *Id*.

Creeden informed the Court they expected Elbaor to testify about what the Boilermaker's Union did to comply with the grand jury subpoena: that Elbaor met with the government with

1

Creeden, and that Creeden answered questions and assisted in delivering documents. Trial. Tr. 3790, 3796. Creeden offered these topics as actions inconsistent with guilt and a guilty mind. Trial Tr. 3800.  The government objected that Elbaor's testimony was not relevant.

The Court preliminarily concluded the testimony was not relevant, but allowed Creeden to make an offer of proof through voir dire.  Trial Tr. 3806-3807. Outside the presence of the jury, Creeden called Elbaor to the stand.  Elbaor testified that he met with Creeden in Creeden's capacity as the union's custodian of records. Trial Tr. 3816.  Creeden assisted him with gathering records responsive to the grand jury subpoena and they made a significant production of records to the government. Trial Tr. 3818. Elbaor testified that that Creeden accompanied him to approximately two to three meetings at the U.S. Attorney's Office to be available to answer questions, and he answered questions regarding the document production. Trial Tr. 3819-3820, 3822.

The government asserted that the testimony was factually inaccurate and misleading for several reasons. First, Elbaor's meetings with the government were attorney proffers in which Elbaor, as an attorney for the Union, met with the government to answer questions about the completeness of the subpoena production. Creeden attended in his capacity as custodian of records for the Union in his role as Secretary-Treasurer, not as a fact witness, subject, nor target of investigation. In fact, Creeden refused a request from the government to be interviewed. Trial Tr. 3832-3833. Second, Elbaor's testimony about the responsiveness and completeness of compliance was misleading. In fact, the Union did not fully comply with the April 2022 grand jury subpoena. The Union produced few responsive records (as few as 6,000 pages) from the government's subpoena until the Union replaced Elbaor with new counsel.  Trial Tr. 3802. Because of the Union's non-responsiveness to the grand jury's subpoena, the government was forced to file a motion to

2

compel the requested material.  Trial Tr. 3802. Subsequently, Elbaor's successor produced hundreds of thousands of responsive records. Trial Tr. 3833.

After the voir dire, the Court concluded the testimony related to Creeden's assistance responding to the 2022 grand jury subpoena was not relevant.  Trial Tr. 3828.  The Court concluded that Creeden represented the Union, was not identified as a defendant or target of the grand jury investigation, and pre-indictment grand jury matters are not typically put into evidence. Trial Tr. 3828-3829.

## II.    APPLICABLE LAW

Rule 33 gives a court discretion to vacate a judgment and grant a new trial, "if the interest of justice so requires."  "Courts view motions for new trial with disfavor and grant them only with great caution." *United States v. Walters*, 89 F. Supp. 2d 1206, 1213 (D. Kan. 2000), *aff'd*, 28 F. App'x 902 (10th Cir. 2001) (citing *United States v. Chatman*, 994 F.2d 1510, 1518 (10th Cir. 1993)).  "More specifically, any error that would be sufficient to cause a reversal on appeal is sufficient to grant a new trial under Rule 33." *United States v. Fritzel*, No. 5:18-CR-40058-HLT, 2019 WL 4670204, at *1 (D. Kan. Sept. 25, 2019). The burden of proof lies with the defendant. Indeed, the court should not grant a new trial simply because it believes that a different result would be more reasonable.  *United States v. Fritzel*, No. 5:18-CR-40058-HLT, 2019 WL 4670204, at *1 (D. Kan. Sept. 25, 2019).

## III.    ARGUMENT

Defendant is not entitled to a new trial. The proffered testimony was not relevant and exclusion of the proffered testimony did not prejudice the defendant. The exclusion of Elbaor's proffered testimony was appropriate. Elbaor's testimony regarding Creeden's role as custodian of records in producing records in response to a grandy jury subpoena was not relevant. Simply put,

3

it does not make Creeden's guilt or consciousness there of more or less likely. Grand jury subpoena compliance is compulsory. Labor unions, like corporations, are not protected by the constitutional privilege against self-incrimination. *United States v. White*, 322 U.S. 694, 699, 702-04 (1944) (finding that the federal government "power to compel the production of the records of any organization" applies to labor unions and officials cannot withhold records by invoking the personal privilege against self-incrimination "even though production of the papers might tend to incriminate them personally").

It is well established that a "custodian, by assuming the duties of his office, undertakes the obligation to produce the books of which he is custodian." *See Curcio v. United States*, 354 U.S. 118, 123-24 (1957). A union officer may not withhold testimony or documents on the grounds that his corporation, nor he personally, would be incriminated. *White*, 322 U.S. at 704. Mr. Creeden's participation in the process as custodian of records is wholly irrelevant to consciousness of guilt because it was not voluntary cooperation. Nothing about gathering and providing documents indicates whether Creeden had a good-faith belief that the expenditures were being used for the benefit of the IBB or whether the IBB had authorized the expenditures or would authorize it. Notably, Creeden declined to voluntarily cooperate and sit for a witness interview.

Even if there was an argument that something Creeden said in the meeting was probative of consciousness of guilt, knowledge, willfulness, or intent, Elbaor would not have been able to testify about it. That would have been hearsay. Moreover, even if Elbaor's testimony had some modicum of probative value, the Court was right to exclude it pursuant to Federal Rule of Evidence 403, because any limited value would have been substantially outweighed by misleading the jury into thinking that Creeden's participation in the subpoena response was voluntary.

Tellingly, despite having several weeks to find on point authority, counsel relies on the same drug analog case that the Court found unpersuasive and inapposite (Trial Tr. 3841-42), *United States v. Makkar*, 810 F.3d 1139, 1147-48 (10th Cir. 2015). *Makkar* arose from an investigation into incense the defendants sold in their stores. *Id*. At 1142. Prior to indictment, those defendants spoke with state law enforcement officers, offered to have the officers test the incense to determine its legality, and offered to stop selling the product until the results came in. *Id*. After these offers, defendants were indicted and convicted of violating the Controlled Substance Analogue Enforcement Act (Analogue Act). *Id*.

At trial, the government did not attempt to show that defendants knew the incense they sold was unlawful under the CSA or Analogue Act — the second method of proving mens rea. Instead, the government attempted to show mens rea only in the first manner — by showing that the defendants knew that the incense they sold had (1) a substantially similar chemical structure to a synthetic cannabinoid with marijuana-like effects listed as a CSA controlled substance) and (2) a substantially similar effect to that of marijuana (another CSA listed substance). *Id*. at 1143.

After the government opted to proceed with mens rea in that manner, the government then offered "no evidence suggesting that the defendants knew anything about the chemical structure of the incense they sold." *Id*. The government asked for and won the right to collapse its two separate elemental mens rea burdens into one. The government was able to argue to the jury that it should find the first mens rea element satisfied beyond a reasonable doubt merely (and without more) because it found the second satisfied beyond a reasonable doubt.

Prior to trial, the government filed a motion to exclude the cooperation with law enforcement on relevance ground. The court granted the motion and excluded the evidence under the government's mistaken view of the Analogue Act. *Id*. at 1147. The government ultimately

conceded instructional error and the Tenth Circuit reversed and found the mens rea instruction to be plainly erroneous.

The *Makkar* facts are easily distinguishable. First, there is no instructional error here. The Court properly instructed the jury on the elements, including knowledge, willfulness and fraudulent intent (*see* Instruction No. 19, 32, 33). Second, the excluded testimony in *Makkar* directly addressed defendants' lack of knowledge about an essential element: the chemical structure of incense they sold and whether those effects were similar to marijuana. Here, Elbaor's proffered testimony offers nothing about Creeden's knowledge, willfulness, or whether Creeden acted with fraudulent intent.

The additional authority Creeden cites is also inapposite. Creeden cites *United States v. Biaggi*, 909 F.2d 662, 690 (2d Cir. 1990), a case where a defendant rejected an offer of immunity on the ground that he was unaware of any wrongdoing about which he could testify, the court concluded his action was probative of a state of mind devoid of guilty knowledge. That is not the situation here. Elbaor did not testify that Creeden was unaware of any wrongdoing and again, would have been prevented from doing so by the rules against hearsay. Additionally, *United States v. Davis*, 437 F.3d 989, 995-96 (10th Cir. 2006) a case in which the court admitted defendant's false statements as probative of consciousness of guilt, bares no apparent relation to the instant case. Creeden acknowledges as much by pointing out that the case is the exact inverse of what he argues here in vain.

## IV.    CONCLUSION

In sum, Elbaor's proffered testimony was rightfully excluded as irrelevant and/or potentially misleading pursuant to Rules 401 and 403. Because Creeden had no ability to refuse compliance with the 2022 grand jury subpoena, the fact that he assisted Elbaor in complying with

the subpoena is irrelevant to knowledge, willfulness or intent.  The proffered testimony of Elbaor only establishes that Creeden undertook an action he already had the legal obligation to do. Creeden has failed to meet the high bar of articulating a manifest injustice to justify the disfavored relief of a new trial. Accordingly, Defendant's motion for new trial should be denied.

Respectfully Submitted,

RYAN A. KRIEGSHAUSER
United States Attorney

By: */s/Faiza H. Alhambra*
FAIZA H. ALHAMBRA
Assistant United States Attorney
500 State Avenue, Suite 360
Kansas City, Kansas 66101
913-551-6904
913-551-6541 (fax)
faiza.alhambra@usdoj.gov
Kan. S. Ct. No. 24525

By: */s/ Jabari B. Wamble*
JABARI B. WAMBLE
Assistant United States Attorney
500 State Avenue, Suite 360
Kansas City, Kansas 66101
913-551-6730
913-551-6541 (fax)
jabari.wamble@usddoj.gov
Kan. S. Ct. No. 22730

By: */s/ Vincent Falvo*
VINCENT FALVO
Trial Attorney
Violent Crime and Racketeering Section
United States Department of Justice
1301 New York Avenue, NW, Room 753
Washington, D.C. 20530
(202) 353-9384
vincent.falvo@usdoj.gov

By: */s/ Alexandra Swain*
ALEXANDRA P. SWAIN
Trial Attorney

8

Violent Crime and Racketeering Section
United States Department of Justice
alexandra.swain@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 27, 2026, I electronically filed the foregoing with the Clerk of

the Court by using the CM/ECF system which will send a notice of electronic filing to counsel for

defendant.


<u>s/ Faiza H. Alhambra</u>
Faiza H. Alhambra
Assistant United States Attorney